# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JACKIE LYNN KIRBO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-15-583-W |
| ) | |
| ROBERT PATTON, Director, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Petitioner Jackie Lynn Kirbo, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. United States District Judge Lee R. West has referred this matter to the undersigned Magistrate Judge for initial proceedings in accordance with 28 U.S.C. § 636. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"), the undersigned has examined the Petition and recommends dismissal.

## BACKGROUND

In this action, Petitioner challenges his conviction after jury trial in the District Court of Oklahoma County, Oklahoma, on felony charges of stalking and domestic abuse. *See* Pet. (Doc. No. 1) at 1;[1] *State v. Kirbo*, No. CF-2004-3985 (Okla. Cnty. Dist. Ct. filed July 19, 2004).[2] Petitioner was sentenced on December 19, 2005, to a term of 38

---

[1] Citations to filings in this Court use the page numbers assigned by the Court's electronic filing system.

[2] The undersigned takes judicial notice of the dockets for Petitioner's state-court proceedings, which are publicly available through http://www.oscn.net.

years on the stalking conviction and to a consecutive one-year term on the domestic abuse conviction. Pet. at 1; *State v. Kirbo*, No. CF-2004-3985 (docket entries of Dec. 19, 2005).

Petitioner appealed his conviction and sentence to the Oklahoma Court of Criminal Appeals ("OCCA"), which affirmed on April 16, 2007. *See Kirbo v. State*, No. F-2005-1278 (Okla. Crim. App. filed Dec. 27, 2005). Neither the Petition nor publicly available databases reflect that Petitioner sought a writ of certiorari from the United States Supreme Court. Nearly four years later, on January 11, 2011, Petitioner filed his first application for postconviction relief in the state trial court, which was denied. *See State v. Kirbo*, No. CF-2004-3985 (docket entries of Jan. 11, 2011, and Mar. 17, 2011). Petitioner appealed the denial of postconviction relief to the OCCA; that state appellate court declined jurisdiction on June 15, 2011. *See Kirbo v. State*, No. PC-2011-465 (Okla. Crim. App. filed June 3, 2011). Petitioner filed a second application for postconviction relief on March 8, 2013; the trial court denied Petitioner's request, and the OCCA denied Petitioner's request to file a postconviction appeal out of time. *See State v. Kirbo*, No. CF-2004-3985 (docket entries of Mar. 8, 2013, and May 9, 2013); *Kirbo v. State*, No. PC-2013-545 (Okla. Crim. App. filed June 5, 2013).

On July 29, 2014, Petitioner filed his third application for postconviction relief in the state trial court. The trial court denied relief on January 30, 2015. *See State v. Kirbo*, No. CF-2004-3985 (docket entries of July 29, 2014, and Jan. 30, 2015). The OCCA affirmed the trial court's denial of relief on April 24, 2015. Pet. at 2; *see Kirbo v. State*, No. PC-2015-161 (Okla. Crim. App. filed Feb. 26, 2015). Petitioner then filed his federal

habeas Petition in this Court, along with supporting exhibits, on May 22, 2015. *See* Pet. at 9 (reflecting that Petition was placed in prison mailing system on May 22, 2015); *Fleming v. Evans*, 481 F.3d 1249, 1255 n.2 (10th Cir. 2007) (noting that a petition is deemed filed on the date it is presented to prison authorities for mailing); Doc. Nos. 1-1 to 1-4.

In his Petition, Petitioner reurges two propositions of error raised in his most recent application for state postconviction relief: (1) Petitioner's sentence exceeded the applicable maximum under state law and therefore violated the Fourteenth Amendment, Pet. at 3-5; and (2) ineffective assistance of trial counsel in violation of the Sixth Amendment, Pet. at 5-6.

## ANALYSIS

*A. Screening Requirement and Jurisdiction*

The Court is required to review habeas petitions promptly and to dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Section 2254 R. 4. The Rule allows the district court to sua sponte dismiss a petition for writ of habeas corpus if its untimeliness is "clear from the face of the petition itself." *Kilgore v. Att'y Gen. of Colo.*, 519 F.3d 1084, 1089 (10th Cir. 2008); *accord Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[D]istrict courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition.").

B. *The Applicable Limitations Period*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets forth a one-year statute of limitation for habeas petitioners:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The one-year limitations period generally runs from the date the judgment became "final" under § 2244(d)(1)(A), unless a petitioner alleges facts that implicate § 2244(d)(1)(B), (C), or (D). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Here, because § 2244(d)(1)(B), (C), and (D) are not implicated by the allegations in the Petition, the timeliness of the Petition is considered under § 2244(d)(1)(A).

C. *Section 2244(d)(1)(A)*

Petitioner alleges that the date of the judgment and sentence in the conviction under attack was December 19, 2005. Pet. at 1. He appealed this conviction to the OCCA, which affirmed on April 16, 2007. *Kirbo v. State*, No. F-2005-1278 (docket

4

entry of Apr. 16, 2007). Because Petitioner did not file a petition for a writ of certiorari in the U.S. Supreme Court, his conviction became final when the ninety-day period to do so passed. Pet. at 2; *see Fleming*, 481 F.3d at 1257-58; U.S. Sup. Ct. R. 13.1. Because the ninety-day period expired on a Sunday, Petitioner had until Monday, July 16, 2007, to file a timely certiorari petition. *See Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011); U.S. Sup. Ct. R. 30.1.

The AEDPA limitations period under 28 U.S.C. § 2244(d)(1)(A) began to run the following day and, absent statutory or equitable tolling, or another exception, expired on July 17, 2008. *See Harris*, 642 F.3d at 906 n.6 (citing *United States v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003)); *Brown v. Roberts*, 501 F. App'x 825, 832 (10th Cir. 2012) (same); 28 U.S.C. § 2244(d)(1)(A). This action, initiated May 22, 2015, is therefore untimely brought—by nearly seven years—absent application of statutory or equitable tolling or an exception to the one-year time limit.

    *i.    Statutory Tolling*

For petitions brought under 28 U.S.C. § 2254, the one-year limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). "Properly filed" means "filed within the one year allowed by AEDPA." *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006). Here, Petitioner did not file his first postconviction application until January 11, 2011, nearly three years after the expiration of his one-year AEDPA limitations period on July 17, 2008. *State v. Kirbo*, No. CF-2004-3985 (docket entry of Jan. 11, 2011). The state-court proceedings relevant

to this application, as well as proceedings relevant to Petitioner's two subsequent postconviction relief efforts, did not toll the statute of limitations under § 2244(d)(2) because none of them was filed until after that limitations period already had expired. *See Clark*, 468 F.3d at 714 ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations.").

        *ii.*     *Equitable Tolling*

The AEDPA filing deadline may be equitably tolled in "extraordinary circumstances." *Id.* (internal quotation marks omitted). To be entitled to equitable tolling, Petitioner must "show both extraordinary circumstances preventing timeliness and diligent pursuit of his claim." *See id.*; *accord Holland v. Florida*, 560 U.S. 631, 649 (2010); *see also Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Circumstances appropriate for equitable tolling include "when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).

Petitioner presents no extraordinary circumstance that prevented his timely pursuit of federal habeas corpus relief. The Petition indicates that Petitioner may erroneously believe that his one-year deadline ran from the latest date that the OCCA denied postconviction relief, rather than from the date that his judgment of conviction became "final" under 28 U.S.C. § 2244(d)(1)(A). *See* Pet. at 8 (answering query as to why Petition is not time-barred under § 2244(d) by stating "Court of Criminal Appeal denial April 24, 2015"). Petitioner's lack of knowledge of the law and lack of legal assistance,

6

however, generally are insufficient to warrant equitable tolling. *See Marsh*, 223 F.3d at 1220; *Johnson v. Jones*, 502 F. App'x 807, 810 (10th Cir. 2012). Further, Petitioner has offered "no explanation" "for the lengthy time period that elapsed between the date his state conviction became final" (July 15, 2007) "and the date he attempted to pursue any type of post-conviction relief" (January 11, 2011). *Brown v. Poppel*, 98 F. App'x 785, 788 (10th Cir. 2004).

The lack of "extraordinary circumstances preventing timeliness" and lack of "diligent pursuit" of Petitioner's federal claims are clear on the face of the Petition. Petitioner has not shown that he is entitled to equitable tolling. *See Clark*, 468 F.3d at 714; *Brown*, 98 F. App'x at 788.

  *iii.* *Actual Innocence Exception*

"[A] credible showing of actual innocence" based on newly discovered evidence "may allow a prisoner to pursue his constitutional claims" as to his conviction, under an exception to procedural and limitations-based bars—including 28 U.S.C. § 2244(d)(1)—established for the purpose of preventing a miscarriage of justice. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928, 1931-32 (2013). Successful actual innocence claims are rare due to the demanding evidentiary requirements for such claims. *See id.* at 1928, 1931, 1936; *House v. Bell*, 547 U.S. 518, 538 (2006). "[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House*, 547 U.S. at 536-37 (quoting *Schlup v. Delo*, 513 U.S. 298,

327 (1995)). Such claims must be based on "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Here, Petitioner's allegations challenge the length of his sentence and the effectiveness of his trial counsel. Pet. at 3-6. Petitioner does not assert or even allege facts that would implicate the proposition that he is factually innocent of the felony crimes for which he was convicted. Petitioner's claimed improprieties in his conviction and sentence do not amount to a contention that he is actually (rather than legally) innocent of the crimes. *See Schlup*, 513 U.S. at 327-29; Pet. at 3-6; Doc. Nos. 1-2 to 1-4. Petitioner's claims, even liberally construed, do not invoke the actual innocence equitable exception and do not permit continued consideration of his Petition by this Court. *See McQuiggin*, 133 S. Ct. at 1928; *Bousley*, 523 U.S. at 623.

*D. Summary*

Petitioner's statute of limitations to file this habeas action expired on July 17, 2008, and he is not entitled to statutory or equitable tolling or an equitable exception. Because Petitioner did not file his Petition until May 22, 2015, the Court should dismiss the Petition as untimely.

**RECOMMENDATION**

For the foregoing reasons, it is recommended that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. No. 1) be dismissed as untimely.

**NOTICE OF RIGHT TO OBJECT**

Petitioner is advised of his right to file an objection to the Report and Recommendation with the Clerk of this Court by November 18, 2015, in accordance with

8

28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Petitioner is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Smith v. Dorsey*, No. 93-2229, 1994 WL 396069, at *3 (10th Cir. July 29, 1994).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case. The Clerk of Court is directed to serve copies of the Petition and this Report and Recommendation on Respondent and the Attorney General of the State of Oklahoma through electronic mail sent to fhc.docket@oag.state.ok.us.

ENTERED this 28th day of October, 2015.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE