IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JACKIE LYNN KIRBO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. CIV-15-583-W |
| | ) | |
| ROBERT PATTON, Director, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

On October 28, 2015, United States Magistrate Judge Charles B. Goodwin issued a Report and Recommendation in this matter and recommended that the Petition for Writ of Habeas Corpus ("Petition") filed by petitioner Jackie Lynn Kirbo pursuant to title 28, section 2254 of the United States Code be dismissed. Kirbo was advised of his right to object to the Report and Recommendation, see Doc. 7 at 8-9, and the matter now comes before the Court on Kirbo's Notice of Objection. See Doc. 8.

Upon de novo review of the record, the Court concurs with Magistrate Judge Goodwin's suggested disposition of this matter. In November 2005, Kirbo was found guilty in the District Court for Oklahoma County, Oklahoma, of one count of felony stalking, after former conviction of two or more felonies, and one count of domestic abuse. State v. Kirbo, No. CF-2004-3985. In accordance with the jury's verdict, Kirbo was sentenced on December 19, 2005, to thirty-eight (38) years on Count I and one (1) year on Count II, with the terms of imprisonment to run consecutively. Kirbo appealed, and on April 16, 2007, the Oklahoma Court of Criminal Appeals affirmed both convictions and sentences. Kirbo

v. State, No. F-2005-1278 (Okla. Crim. April 16, 2007). Kirbo thereafter unsuccessfully sought post-conviction relief in state court.

In the instant Petition, Kirbo has reurged two propositions of error that were raised in his most recent application for state post-conviction relief: (1) his sentence on Count I violated state law as well as the fourteenth amendment to the United States Constitution and (2) he was deprived of effective assistance of trial counsel in violation of the federal Constitution's sixth amendment.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 establishes a one-year limitations period for state prisoners to seek federal habeas relief, subject to certain exceptions. See 28 U.S.C. § 2244(d). Kirbo's one-year period began to run on July 17, 2007.

As Magistrate Judge Goodwin found, neither statutory tolling, e.g., id. § 2244(d)(2) (limitations period tolled during pendency of "properly filed" post-conviction application), nor equitable tolling, e.g., Holland v. Florida, 560 U.S. 631 (2010); Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000)(equitable tolling applies "only in rare and exceptional circumstances"); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000)(ignorance of the law does not excuse timely filing), is available in this case to toll AEDPA's one-year period. Because Kirbo's Petition was not filed until May 22, 2015, see Doc. 1 at 9,[1] this action is clearly time-barred.

---

[1] See Houston v. Lack, 487 U.S. 266, 275-76 (1988)(pro se prisoner's paper or pleading considered "filed" at moment of delivery to prison authorities for forwarding to court, regardless of when court receives document).

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 7] issued on October 28, 2015; and

(2) DISMISSES Kirbo's Petition with prejudice as untimely filed.

ENTERED this 18th day of November, 2015.

LEE R. WEST
UNITED STATES DISTRICT JUDGE